UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HAROLD CROCKER,

                       Plaintiff,

v.                                                  3:21-CV-0266
                                                   (FJS/ML)
LINDSEY RUMENAPP; and
SAMUEL SEARS,

                       Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

FINUCANE, HARTZELL LAW FIRM                LEO G. FINUCANE, ESQ.
  Counsel for the Plaintiff
6 North Main Street
Pittsford, New York 14534

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this Complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 2) filed by Harold Crocker ("Plaintiff") to the Court for review. For the reasons discussed below, I (1) grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that Plaintiff's Complaint (Dkt. No. 1) be (a) accepted in part for filing, and (b) dismissed in part.

**I.    BACKGROUND**

On March 8, 2021, Plaintiff commenced this action by filing a verified Complaint and a motion to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.)

Construed as liberally as possible, the Complaint alleges that Plaintiff's civil rights were violated by Lindsey Rumenapp and Samuel Sears (collectively "Defendants"), who are sworn

members of the New York State Police. (*See generally* Dkt. No. 1.) More specifically, Plaintiff alleges that on or about May 1, 2018, Defendant Rumenapp was dispatched to 110 Chenango Valley Trailer Park, Apartment #2, Greene, New York (the "Premises") for a reported domestic dispute. (*Id.*) Plaintiff alleges that, thereafter, Defendant Sears arrived at the Premises in response to Defendant Rumenapp's request for back up assistance. (*Id.*) Plaintiff alleges that he was taken into custody by Defendants for the alleged commission of an assault at the Premises. (*Id.*) Plaintiff alleges that in the course of being taken into custody, he asked Defendants to refrain from using handcuffs and assured them that he would be cooperative and compliant. (*Id.*) Plaintiff alleges that despite his request, Defendants placed handcuffs on him in a manner that caused injury to him. Plaintiff also alleges that Defendants kept the handcuffs on him over the next several hours, which caused him significant pain and discomfort, despite his express requests that the handcuffs be removed or loosened. (*Id.*)

Based on these factual allegations, Plaintiff asserts the following three causes of action: (1) a claim of excessive force in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983, (2) a claim of assault pursuant to New York state law, and (3) a claim of battery pursuant to New York state law. (*Id.*)

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[1] After reviewing Plaintiff's *in*

---

[1]     The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[2]

### III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

---

submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]     Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"[E]xtreme caution should be exercised in ordering sua sponte dismissal of a . . . complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

IV.     **ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that a response be required to Plaintiff's claim of excessive force in violation of the Fourth Amendment against Defendants in their individual capacities.  However, to the extent that Plaintiff (1) intended to assert claims against Defendants in their official capacities, and (2) asserts claims of assault and battery pursuant to New York state law, I recommend that those claims be dismissed.

   A.    **Fourth Amendment**

      1.    **Against Defendants in Their Individual Capacities**

In *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court concluded that where a claim for excessive force "arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *Graham*, 490 U.S. at 394.  It is therefore analyzed under the Fourth Amendment's "reasonableness" standard, rather than under the subjective "substantive due process" approach, *id.* at 396-97, "which requires consideration of whether the individual officers acted in good faith or maliciously and sadistically for the very purpose of causing harm," *id.* at 397 (internal quotation marks omitted).  Because "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it," determining whether the amount of force an officer used is reasonable "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (citations and internal quotation marks omitted).  The proper application of the reasonableness standard, according to the *Graham* Court, "requires careful attention to the facts and circumstances of each

particular case, including" (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.*  The Court reiterated that the reasonableness inquiry is an "objective one." *Id*. at 397.  It requires a court to view officers' actions "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation" or "the 20/20 vision of hindsight." *Id.* at 396-97 (citation omitted).

In deciding a claim for excessive force based on the use of handcuffs, courts may consider whether "(1) the [arrestee's] handcuffs were unreasonably tight; (2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and (3) the degree of injury to the [arrestee's] wrists." *Esmont v. City of New York*, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005).  However, "the test of reasonableness under the Fourth Amendment . . . is not capable of precise definition or mechanical application." *Graham*, 490 U.S. at 396.  Instead, courts are instructed to carefully balance the "nature and quality of the intrusion" and the "countervailing government interests at stake" under the circumstances.  *Id*.

As a result, the Second Circuit recently held that "a plaintiff asserting a claim for excessive force need not always establish that she alerted an officer to the fact that her handcuffs were too tight or causing pain.  The question is more broadly whether an officer reasonably should have known during handcuffing that his use of force was excessive." *Cugini v. City of New York*, 941 F.3d 604, 613 (2d Cir. 2019).  Therefore, "where an officer's use of force in handcuffing is plainly unreasonable under the circumstances *or* where a plaintiff manifests clear signs of her distress—verbally or otherwise—a factfinder may decide that the officer reasonably

should have known that his use of force was excessive for purposes of establishing a Fourth Amendment violation." *Cugini*, 941 F.3d at 613.

Here, Plaintiff alleges that he "complained to [Defendants] that the handcuffs were causing him significant pain and discomfort to his wrists, and expressly asked them to remove or loosen the handcuffs" but that Defendants "ignored [Plaintiff]'s complaints of pain and his pleas to remove or loosen the handcuffs." (Dkt. No. 1 at ¶¶ 19-20.) Out of an abundance of caution, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's Fourth Amendment excessive force claim against Defendants in their individual capacities. *See Ketcham v. City of Mount Vernon*, 20-CV-0014, 2021 WL 1165401, at *5 (2d Cir. Mar. 29, 2021) (reversing and remanding the district court's granting summary judgment on an excessive force claim where the plaintiff testified that he complained to the defendant that his handcuffs were causing him pain, suggesting that the defendant was on notice that the force was excessive, even where the plaintiff's injuries were not severe).

### 2.     **Against Defendants in Their Official Capacities**

However, to the extent that Plaintiff attempts to assert an excessive force claim against Defendants in their official capacities, I recommend that such claim be dismissed.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100 (1984). "New York State has not consented to suit in federal court." *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d. Cir. 1977)).

Here, official capacity claims against Defendants must be dismissed as barred by the Eleventh Amendment because the real party in interest is New York State. *See Kavanaugh v. Vil. of Green Island*, 14-CV-1244, 2016 WL 7495813, at *3 (N.D.N.Y. Dec. 30, 2016) (Sannes, J.) (citing *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993)) (dismissing official capacity claims against defendant Trooper Johnson "as barred by the Eleventh Amendment since the real party in interest is New York State."); *see also Flagg v. NYS Div. of Parole*, 19-CV-0886, 2019 WL 5002215, at *4 (N.D.N.Y. Aug. 15, 2019) (Baxter, M.J.) ("The Eleventh Amendment prevents plaintiff from suing the N.Y.S. Division of Parole" and thus any claims against it "may be dismissed with prejudice."), *report and recommendation adopted by*, 2019 WL 4963112 (N.D.N.Y. Oct. 8, 2019) (McAvoy, J.); *Sanseviro v. New York*, 158 F. Supp. 3d 131, 137 (E.D.N.Y. 2016) (dismissing federal claims against "New York State, the NYSPD, and the individual State Defendants in their official capacities" because those claims are "barred by the Eleventh Amendment."); *Miller v. Bazan*, 13-CV-0993, 2013 WL 7770160, at *4 (N.D.N.Y. Nov. 14, 2013) (Peebles, M.J.) (recommending that claims against defendant state police officers in their official capacities be dismissed with prejudice because they are precluded by the Eleventh Amendment), *report and recommendation adopted by part by*, 2014 WL 788834 (N.D.N.Y. Feb. 24, 2014) (Kahn, J.).

### B.  New York State Assault and Battery Claims

Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is

subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint); *Syfert v. City of Rome*, 17-CV-0578, 2018 WL 3121611, at *3-5 (N.D.N.Y. Feb. 12, 2018) (Dancks, M.J.) (dismissing all claims barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)), *report and recommendation adopted by*, 2018 WL 2316681 (N.D.N.Y. May 22, 2018) (Suddaby, C.J.); *Syfert v. City of Rome*, 17-CV-0578, 2017 WL 3405521, at *8-10 (N.D.N.Y. Aug. 7, 2017) (Dancks, M.J.) (same), *report and recommendation adopted by*, 2017 WL 5195230 (N.D.N.Y. Nov. 9, 2017) (Suddaby, C.J.); *Syfert v. City of Rome*, 15-CV-1149, 2015 WL 6819168, at *7-8 (N.D.N.Y. 2015) (Kahn, J.) (same).

Plaintiff's claims under New York state law for assault and battery are barred by the statute of limitations. Plaintiff's claims against Defendants accrued on the date of Plaintiff's arrest and alleged injuries, May 1, 2018. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) ("accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action") (citation omitted). The one-year statute of limitations against Defendants expired on May 1, 2019, more than one year before Plaintiff commenced this action on March 8, 2021. *See* N.Y. C.P.L.R. § 215(3) (McKinney 2016); *Havell v. Islam*, 739 N.Y.S.2d 371, 372 (N.Y. App. Div. 1st Dep't 2002) ("A claim for damages for an intentional tort, including a tort not specifically listed in CPLR 215(3), is subject to a one-year limitation period."); *see also Ashjari v. NYNEX Corp.*, 182 F.3d 898 (2d Cir. 1999) ("Under N.Y. C.P.L.R. § 215(3), claims of assault and battery . . . must be brought within one year from the date the claim accrued."); *Khanna v. Roy*, 20-CV-1428, 2021 WL 326420, at *2 (N.D.N.Y. Feb. 1, 2021) (Dancks, M.J.) (recommending dismissal of the plaintiff's claims for assault and battery, where the plaintiff

commenced the action more than one year after the accrual of the statute of limitations); *Kavanaugh*, 2016 WL 7495813, at *3 (dismissing as barred by the statute of limitations, the plaintiff's New York state law claims of assault and battery, where the plaintiff commenced the action more than one year after the claims accrued).

Moreover, to the extent that Plaintiff intended to assert state law claims for damages against Defendants in their official capacities—which are, in effect, claims against New York State—"New York has waived immunity from liability and consented to be sued only to the extent that claims are brought in the New York Court of Claims." *Gross v. New York*, 428 F. App'x 52, 53 (2d Cir. 2011); *see Purdie v. City Univ. of New York*, 2015 WL 129552, at *4 (S.D.N.Y. Jan. 8, 2015) ("Congress has [not] abrogated sovereign immunity . . . with respect to state-law actions that are brought to federal court through supplemental jurisdiction.").[3] As a result, I recommend dismissal of any state law claims against Defendants in their official capacities.

## V.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the

---

[3]   In contrast, "damage claims against State employees sued in their individual capacities are not barred by the Eleventh Amendment or the Court of Claims Act." *Daly v. Town of DeWitt*, 18-CV-0845, 2019 WL 4170162, at *4 (N.D.N.Y. Sept. 2, 2019) (citing *Bobbit v. Marzan*, 16-CV-2042, 2017 U.S. Dist. LEXIS 161478, at *42-43 (S.D.N.Y. Sept. 28, 2017); *Morell v. Balasubramanian*, 70 N.Y.2d 297, 302 (N.Y. 1987); *Cavanaugh v. Dougherty*, 243 A.D.2d 92, 101 (N.Y. App. Div. 3d Dep't 1998)).

plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[4]

I recommend that all claims against Defendants in their official capacities be dismissed without leave to amend. *See Forjone v. Dep't of Motor Vehicles*, c, 303-04 (N.D.N.Y. 2019) (Hurd, J.) (dismissing with prejudice the plaintiff's claims against the state and federal defendants based on the doctrine of sovereign immunity because "[p]ermitting amendment would be unproductive in this instance."); *Flagg*, 2019 WL 5002215, at *4 (dismissing with prejudice claims against the N.Y.S. Division of Parole based on Eleventh Amendment immunity); *Miller*, 2013 WL 7770160, at *4 (dismissing with prejudice claims against defendant state police officers in their official capacities with prejudice because they are precluded by the Eleventh Amendment).

Moreover, generally, a district court should not dismiss claims as time barred without providing a plaintiff with "notice and opportunity to be heard" as to whether there might be a

---

[4]  *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

meritorious tolling argument or other reason why the complaint might be considered. *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007).  Therefore, I recommend that Plaintiff's claims pursuant to New York state law against Defendants in their individual capacities, which are time barred, be dismissed with leave to amend.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.).  Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act.  In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **ACCEPT FOR FILING** Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts a claim of excessive force pursuant to the Fourth Amendment against Defendants in their individual capacities; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts claims against Defendants in their official capacities, because it seeks monetary relief against Defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts claims pursuant to New York state law against Defendants in their individual capacities, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

---

[5] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: April 19, 2021
       Binghamton, New York

*[signature]*
Miroslav Lovric
U.S. Magistrate Judge